UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Melissa Ann Bardoni,

                Petitioner,     Case No. 20-11861

v.                                    Judith E. Levy
                                    United States District Judge

Jeremy Howard,
                                    Mag. Judge Anthony P. Patti
                Respondent.

_____/

OPINION AND ORDER
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1],
DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Melissa Ann Bardoni filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner is confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan pursuant to a 2016 second-degree murder conviction. (*Id.* at PageID.1.) She raises two claims for habeas relief: 1) her sentence was unreasonable and violated the Sixth Amendment; and 2) the trial court abused its discretion in imposing excessive court costs. (*Id.* at PageID.3.)

For the reasons set forth below, the Court dismisses the petition for

failure to state a claim on which relief may be granted, denies a certificate of appealability, and denies permission to proceed *in forma pauperis* on appeal.

## I. Background

Petitioner's conviction arises from the death of Albert Franklin in 2014. According to Petitioner, Franklin and Alice Bitters lived in Petitioner's home for approximately one and a half years. (ECF No. 1, PageID.5.) Bitters and Franklin occupied one of the house's two bedrooms, while Petitioner occupied the other. (*Id.*) Franklin suffered from numerous health problems and Bitters was his long-term partner and caretaker. (*Id.*) Bitters apparently did not feed Franklin; instead, she gave his food to the dogs. (*Id.* at PageID.16.) Franklin ultimately died from the neglect. (*Id.*)

Petitioner alleges that she never went into Franklin's bedroom and that she did not know that Bitters did not feed Franklin until after they were both in custody. (*Id.* at PageID.5.) She also claims that "[h]er involvement in [Franklin's] death did not involve participation, only presence in the same house and perhaps failure to report." (*Id.* at PageID.17.) Petitioner further asserts that she "at most, was the least

culpable person involved in []Franklin's death." (*Id.*)

Bitters was charged with adult abuse but was later found incompetent to stand trial. (*Id.* at PageID.16.) Petitioner was charged in Genesee County Circuit Court with first-degree murder. (*Id.* at PageID.17.) She pleaded no contest to second-degree murder and, on August 1, 2016, was sentenced to 15 to 30 years imprisonment. (*Id.* at PageID.1.) The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Bardoni*, No. 336106 (Mich. Ct. App. Jan. 23, 2017). On July 29, 2019, the Michigan Supreme Court also denied leave to appeal. *People v. Bardoni*, 504 Mich. 944, 944 (2019).

Petitioner filed this habeas corpus petition on July 2, 2020. (ECF No. 1.) She raises these claims:

> I. The sentence imposed by the trial court was unreasonable and violated the Sixth Amendment, thereby requiring a remand to the trial court for resentencing.
>
> II. The trial court abused its discretion in imposing excessive court costs on petitioner at sentencing which were unrelated to the circumstances of the case and for which no reason was articulated on the record.

(*Id.* at PageID.3, 5, 7.)

## II. Legal Standard

The Court must undertake a preliminary review of a habeas

3

petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (explaining that the district court has duty to "screen out" petitions that lack merit on their face). Rule 4 permits *sua sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

### III. Analysis

#### A. Petitioner's Sentence Does Not Violate the Sixth Amendment

In her first claim for habeas relief, Petitioner challenges her sentence of 15 to 30 years on the ground that it violates the Sixth Amendment. Under the Sixth Amendment and the Fourteenth Amendment's due process clause, any fact that increases the maximum

4

penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The same requirement applies to any fact that increases a mandatory minimum. *Alleyne v. United States*, 570 U.S. 99, 111–12 (2013). In *People v. Lockridge*, the Michigan Supreme Court held that, under *Alleyne*, the mandatory application of Michigan's sentencing guidelines was unconstitutional. 498 Mich. 358, 388–89 (2015). To resolve this issue, the Michigan Supreme Court adopted the Supreme Court's remedy in *United States v. Booker*, 543 U.S. 220 (2005), and made the Michigan sentencing guidelines advisory. *Lockridge*, 498 Mich. at 391–92.

Petitioner was sentenced after *Lockridge* was decided and the state sentencing guidelines were made advisory. (*See* ECF No. 1, PageID.1.) Assuming the sentencing judge followed the sentencing guidelines, purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *Booker*, 543 U.S. at 233 (2005). Moreover, in Michigan, second degree murder is punishable by life imprisonment "or any term of years, in the discretion of the [sentencing] court." Mich. Comp. Laws § 750.317. Given Petitioner's no contest plea to second degree murder (ECF No. 1, PageID.1), the sentencing judge was not

5

required to find any additional facts in order to sentence Petitioner to 15 to 30 years imprisonment.

Accordingly, Petitioner's sentence did not violate the Sixth Amendment.

### B. Petitioner's Sentence is Not Unreasonable

Petitioner's first claim also alleges that her sentence is unreasonable. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between [the] crime and [the] sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislature in determining the appropriate punishments for crimes. *United States v. Gatewood*, 807 F. App'x 459, 463 (6th Cir. 2020) (citing *Harmelin*, 501 U.S. at 999 (Kennedy, J.)). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F.

6

App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

As noted above, the statutory maximum for second-degree murder in Michigan is life imprisonment, "or any term of years, in the discretion of the court." Mich. Comp. Laws § 750.317. While Petitioner now alleges that she did not participate in Franklin's death and "was the least culpable person involved" (ECF No. 1, PageID.17), these assertions do not undermine her no contest plea. Petitioner's sentence of 15 to 30 years fell far below the statutory maximum and was within the court's discretion to impose based on the facts before it.

Accordingly, Petitioner's sentence was not unreasonable under the Eighth Amendment.

### C. This Court Lacks Jurisdiction to Review the Court Costs Imposed on Petitioner at Sentencing

Petitioner's second claim challenges the imposition of $400.00 in court costs at sentencing. District courts have subject matter jurisdiction under § 2254 "only for claims that a person is 'in custody in violation of

7

the Constitution or laws or treaties of the United States.'" *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. July 11, 2013) (quoting *Dickerson v. United States*, 530 U.S. 428, 439 n.3 (2000)); 28 U.S.C. § 2254(a). "In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim" *Washington*, 529 F. App'x at 773 (citing *United States v. Watroba*, 56 F.3d 28 (6th Cir.1995)). As such, objections to court fees and costs fall outside the margins of an arguable habeas claim under § 2254 because they do not involve a serious restraint on liberty. *See id.*

Accordingly, the Court is without subject matter jurisdiction to consider Petitioner's second claim.

### IV. Certificate of Appealability and Leave to Proceed *In Forma Pauperis* On Appeal

Petitioner is required to obtain a certificate of appealability in order to appeal the Court's decision. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists would not debate the correctness of the Court's ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

8

The Court also finds that any appeal from this decision cannot be taken in good faith and would be frivolous. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Accordingly, the Court will deny Petitioner a certificate of appealability and deny Petitioner leave to proceed *in forma pauperis* on appeal.

### V. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED, a certificate of appealability is DENIED, and leave to proceed *in forma pauperis* on appeal is DENIED.

IT IS SO ORDERED.

Dated: November 9, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2020.

  s/William Barkholz
  Case Manager